IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Sandra Couch, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| Eli Lilly and Company, and Does 1-50 | ) | NO. 1:14-CV-2564-MHC |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Eli Lilly and Company ("Lilly"), by and through its

undersigned attorney, hereby files its Answers and Defenses to Plaintiff's

complaint.

## INTRODUCTION

1.  Lilly admits that it manufactures, markets, and sells Cymbalta®, for

use only upon a prescription by a licensed physician, in accordance with applicable

laws and regulations, and for its approved indications with FDA-approved

warnings, precautions and other labeled risks and benefits of the medications. Lilly

lacks knowledge or information sufficient to form a belief as to the truth or

accuracy of the remaining allegations in Paragraph 1 and therefore denies the same.

## PARTIES

2.       Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 2 and therefore denies the same.

3.       Lilly admits that it is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Lilly also admits that it is engaged in the business of research, development, testing, manufacturing, producing, promoting, distributing, marketing, and selling prescription medications, including but not limited to Cymbalta[®]. Lilly denies the remaining allegations in Paragraph 3.

4.       Lilly lacks knowledge or information sufficient to form a belief as to the truth of accuracy of the allegations in Paragraph 4 and therefore denies the same.

5.       Paragraph 5 of the Complaint purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

## JURISDICTION AND VENUE

6.     Lilly admits that it is authorized to conduct business and does conduct business in Georgia. Lilly denies the remaining allegations on the basis that they purport to allege conclusions of law and thus do not require a response.

7.     Paragraph 7 of the Complaint purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

8.     Lilly admits that this Court has subject matter jurisdiction in the form of diversity jurisdiction.

9.     Paragraph 9 purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

10.     Paragraph 10 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.

11.     Lilly admits that it researched, tested, developed, manufactured, labeled, marketed and sold Prozac®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. Lilly admits that Prozac® is in the class of prescription medications known as selective serotonin reuptake inhibitors ("SSRIs"), but denies the relevance of the information. Lilly admits that the United States Food and Drug

Administration ("FDA") approved Prozac® in 1987 as a safe and effective medication for the treatment of Major Depressive Disorder ("MDD"). Lilly admits that Prozac®'s patent expired in August 2001. Allegations pertaining to SSRIs as a class of antidepressants are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 11.

12. Lilly admits that Cymbalta® is a serotonin norepinephrine reuptake inhibitor ("SNRI"). Allegations pertaining to statements made about SNRIs are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 12.

13. Lilly denies the allegations in Paragraph 13.

14. Lilly admits that the FDA approved Cymbalta® in 2004 for the treatment of Major Depressive Disorder ("MDD"). Lilly further admits that the FDA approved Cymbalta® for the treatment of Generalized Anxiety Disorder ("GAD") in 2007 and fibromyalgia in 2008. Lilly denies the remaining factual allegations in Paragraph 14.

15. Lilly admits that the FDA approved Cymbalta® in 2004. Lilly also admits that it researched, tested, developed, manufactured, labeled, marketed, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in

accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. Lilly further admits that it promoted Cymbalta® to prescribers through its sales representatives. The allegations pertaining to the promotion of Cymbalta® utilizing Lilly sales representatives are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 15.

16.     Lilly denies the allegations in Paragraph 16.

17.     Lilly admits that the Cymbalta® label has included a warning on discontinuation symptoms since Cymbalta® was approved by the FDA in 2004. Lilly admits that the Cymbalta® label contains the following "WARNINGS AND PRECAUTIONS" section regarding "Discontinuation of Treatment with Cymbalta®":

>     Discontinuation symptoms have been systematically evaluated in patients taking duloxetine. Following abrupt or tapered discontinuation in placebo-controlled clinical trials, the following symptoms occurred at 1% or greater and at a significantly higher rate in duloxetine-treated patients compared to those discontinuing from placebo: dizziness, headache, nausea, diarrhea, paresthesia, irritability,

vomiting, insomnia, anxiety, hyperhidrosis, and fatigue. During

marketing of other SSRIs and SNRIs (serotonin and norepinephrine

reuptake inhibitors), there have been spontaneous reports of adverse

events occurring upon discontinuation of these drugs, particularly

when abrupt, including the following: dysphoric mood, irritability,

agitation, dizziness, sensory disturbances (e.g., paresthesias such as

electric shock sensations), anxiety, confusion, headache, lethargy,

emotional lability, insomnia, hypomania, tinnitus, and seizures.

Although these events are generally self-limiting, some have been

reported to be severe.

Patients should be monitored for these symptoms when discontinuing

treatment with Cymbalta®. A gradual reduction in the dose rather than

abrupt cessation is recommended whenever possible. If intolerable

symptoms occur following a decrease in the dose or upon

discontinuation of treatment, then resuming the previously prescribed

dose may be considered. Subsequently, the physician may continue

decreasing the dose but at a more gradual rate . . . .

Paragraph 17 is vague and ambiguous as to time, content, and context and on that

basis, Lilly denies the remaining allegations.

18.     Lilly denies the allegations in Paragraph 18.

19.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiff refers in Paragraph 19 of the Complaint when read in context and in its entirety. Lilly denies the remaining allegations in Paragraph 19.

20.     Paragraph 20 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 20.

21.     Lilly denies the allegations in Paragraph 21.

22.     Lilly denies the allegations in Paragraph 22.

23.     Lilly denies the allegations in Paragraph 23.

24.     Lilly admits that the marketing campaign for Cymbalta® included the statement "Depression hurts. Cymbalta can help." Lilly denies the remaining characterization of Lilly's advertising and marketing campaign, objects to the statements being taken out of context, and denies the allegations on the basis that they are vague and ambiguous as to time, content, and context. The 2008 article cited is vague and ambiguous and no title is referenced and on that basis, Lilly denies the allegation. Lilly denies the remaining allegations in Paragraph 24.

25.     The article cited speaks for itself, and Lilly denies any inaccurate characterization of interpretation of the article to which Plaintiff refers in Paragraph 25 of the Complaint when read in context and in its entirety. Lilly denies the remaining allegations in Paragraph 25**.**

26.     The allegations pertaining to the sales and profitability of Cymbalta® are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 26 as characterized by Plaintiff.

27.     Paragraph 27 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly further denies it had a duty to warn consumers directly of alleged risks associated with the use of Cymbalta®. Lilly denies any remaining allegations in Paragraph 27.

28.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiff refers in Paragraph 28 of the Complaint when read in context and in its entirety.

29.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiff refers in Paragraph 29 of the Complaint when read in context and in its entirety. Lilly denies the remaining allegations in Paragraph 29.

30.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiff refers in Paragraph 30 of the Complaint when read in context and in its entirety. Lilly denies the remaining allegations in Paragraph 30.

31.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiff refers in Paragraph 31 of the Complaint when read in context and in its entirety. Lilly denies the remaining allegations in Paragraph 31.

32.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiff refers in Paragraph 32 of the Complaint when read in context and in its entirety. Lilly denies the remaining allegations in Paragraph 32.

33.     Lilly denies the allegations in Paragraph 33.

34.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 34 and therefore denies the same.

35.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 34 and therefore denies the same.

36.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 36 and therefore denies the same.

37.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 37 and therefore denies the same.

38.     Lilly denies the allegations in Paragraph 38.

39.     Lilly denies the allegations in Paragraph 39.

40.     Lilly denies the allegations in Paragraph 40.

41.     Paragraph 41 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in Paragraph 41 relating to Plaintiff's use of Cymbalta® and therefore denies the same.

42.     Lilly denies the allegations in Paragraph 42.

43.     Paragraphs 43(a)-(f) purports to allege conclusions of law that do no require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations relating to Plaintiff's alleged injuries and therefore denies the same.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

44.     Lilly reincorporates and realleges its Responses to Paragraph 1-43 of Plaintiff's Complaint as if fully set forth herein.

45.     Paragraph 45 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly further denies it had a duty to warn consumers directly of alleged risks associated with the use of Cymbalta®.

46.     Paragraph 46 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations in Paragraph 46.

47.     Paragraph 47 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations in Paragraph 47.

48.     Lilly denies the allegation in Paragraph 48. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 48 relating to Plaintiff's alleged injuries and therefore denies the same.

49.     Paragraph 49 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of

11

the allegations in Paragraph 49 relating to Plaintiff's alleged injuries and therefore denies the same.

50. Lilly denies the allegations in Paragraph 50, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 50.

**SECOND CAUSE OF ACTION**
**STRICT PRODUCT LIABILITY – DESIGN DEFECT**

51. Lilly reincorporates and realleges its Responses to Paragraphs1-50 of Plaintiff's Complaint as if fully set forth herein.

52. Lilly admits that it has sold Cymbalta® in Georgia. Paragraph 52 is vague and ambiguous as to time and on that basis, Lilly denies the remaining allegations.

53. Lilly admits that it researched, tested, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 53 and therefore denies the same.

54. Lilly denies the allegations in Paragraph 54.

55.     Lilly admits that it researched, tested, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. The remaining allegations pertaining to Lilly's "product" are vague and ambiguous as to time, content, context, and on that basis, Lilly denies the allegations. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and legal conclusions in Paragraph 55 relating to Plaintiff's alleged injuries from Cymbalta® and therefore denies the same. Lilly denies the remaining allegation in Paragraph 55.

56.     Lilly denies the allegations in Paragraph 56.

57.     Lilly denies the allegations in Paragraph 57.

58.     Lilly denies the allegations in Paragraph 58.

59.     The allegations in Paragraph 59 are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations.

60.     Paragraph 60 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, the allegations

in Paragraph 60 are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations.

61.    Paragraph 61 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 61 relating to Plaintiff's alleged injuries and therefore denies the same.

62.    Lilly denies the allegations in Paragraph 62, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 62. Lilly denies that Plaintiff is entitled to any such relief.

## THIRD CAUSE OF ACTION
## STRICT PRODUCT LIABILITY – FAILURE TO WARN

63.    Lilly reincorporates and realleges its Responses to Paragraph 1-62 of Plaintiff's Complaint as if fully set forth herein.

64.    Lilly admits that it researched, tested, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. Lilly further admits that it has utilized direct-to-consumer advertising for Cymbalta®, in conformity with applicable rules

and regulations. Lilly objects to the term "persons responsible for consumers" as vague and ambiguous and on that basis denies the allegation. Paragraph 64 further purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 64.

65.     Paragraph 65 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

66.     Plaintiff's' allegation pertaining to "exclusive control" is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegation. Lilly denies the remaining allegations in Paragraph 66.

67.     Lilly denies the allegations in Paragraph 67.

68.     Paragraph 68 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 68.

69.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 69 relating to Plaintiff's' alleged use of Cymbalta® and therefore denies the same.

70.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations relating to Plaintiff or Plaintiff's physician's

ability to discover any alleged "defect in the drug" and therefore denies the same. Lilly denies any remaining allegation in Paragraph 70.

71.    Lilly admits that it is engaged in the business of researching, developing, testing, manufacturing, promoting, distributing, marketing, and selling prescription medications, including but not limited to Cymbalta®. Paragraph 71 purports allege conclusions of law that do not require a response and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 71.

72.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 72 relating to Plaintiff's knowledge and therefore denies the same. Lilly denies the remaining allegations in Paragraph 72.

73.    Paragraph 73 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining factual allegations in Paragraph 73.

74.    Lilly denies the allegations in Paragraph 74.

75.    Lilly denies the allegations in Paragraph 75.

76.    Paragraph 76 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth and accuracy of

the allegations in Paragraph 76 relating to Plaintiff's alleged injuries and therefore denies the same.

77.     Lilly denies the allegations in Paragraph 77, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 77. Lilly denies that Plaintiff is entitled to any such relief.

## FOURTH CAUSE OF ACTION
## STRICT PRODUCT LIABILITY

78.     Lilly reincorporates and realleges its Responses to Paragraphs 1-77 of Plaintiff's Complaint as if fully set forth herein.

79.     Paragraph 79 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

80.     Lilly admits it researched, tested, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta®, for use only upon prescription by a licensed physician, in according with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 80 and therefore denies the same.

81.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 81 and therefore denies the same.

82.     Lilly denies the allegations in Paragraph 82.

83.     Lilly denies the allegations in Paragraph 83.

84.     Lilly denies the allegations in Paragraph 84.

85.     Lilly denies the allegations in Paragraph 85.

86.     Lilly denies the allegations in Paragraph 86.

87.     Lilly denies the allegations in Paragraph 87 concerning any alleged defect in Cymbalta®'s design and lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 87 concerning Plaintiff's state of mind.

88.     Lilly denies the allegations in Paragraph 88.

89.     Paragraph 89 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in Paragraph 89 relating to Plaintiff's alleged injuries and therefore denies the same.

90.     Lilly denies the allegations in Paragraph 90, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 90. Lilly denies that Plaintiff is entitled to any such relief.

**FIFTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**

91.     Lilly reincorporates and realleges its Responses to Paragraphs 1-90 of Plaintiff's Complaint as if fully set forth herein.

92.     Paragraph 92 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

93.     Lilly denies the allegations in Paragraph 93.

94.     Lilly denies the allegations in Paragraph 94.

95.     Paragraph 95 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining factual allegations.

96.     Lilly denies the allegations in Paragraph 96.

97.     Lilly denies the allegations in Paragraph 97. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in Paragraph 97 relating to Plaintiff and/or [his/her] physicians' alleged actions, knowledge, beliefs and injuries and therefore denies the same.

98. Paragraph 98 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in Paragraph 98 relating to Plaintiff's alleged injuries and therefore denies the same.

99. Paragraph 99 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in Paragraph 99 relating to Plaintiff's alleged injuries and therefore denies the same.

100. Lilly denies the allegations in Paragraph 100, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 100. Lilly denies that Plaintiff is entitled to any such relief.

## SIXTH CAUSE OF ACTION
## FRAUD

101. Lilly reincorporates and realleges its Responses to Paragraphs 1-100 of Plaintiff's Complaint as if fully set forth herein.

102. Lilly denies the factual allegations in Paragraph 102. To the extent Paragraph 102 purports to allege conclusions of law that do not require a response, Lilly further denies those allegations.

103.    Lilly denies the factual allegations in Paragraph 103. To the extent Paragraph 103 purports to allege conclusions of law that do not require a response, Lilly further denies those allegations.

104.    Lilly denies the factual allegations in Paragraph 104. To the extent Paragraph 104 purports to allege conclusions of law that do not require a response, Lilly further denies those allegations.

105.    Lilly denies the factual allegations in Paragraph 105. To the extent Paragraph 105 purports to allege conclusions of law that do not require a response, Lilly further denies those allegations.

106.    Lilly denies the factual allegations in Paragraph 106. To the extent Paragraph 106 purports to allege conclusions of law that do not require a response, Lilly further denies those allegations.

107.    Paragraph 107 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in Paragraph 107 relating to Plaintiff's alleged injuries and therefore denies the same.

108.    Paragraph 108 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly

lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in Paragraph 108 relating to Plaintiff's alleged injuries and therefore denies the same.

109.    Lilly denies the allegations in Paragraph 109, except that Lilly admits only that Plaintiff's seek the relief set forth in Paragraph 109. Lilly denies that Plaintiff is entitled to any such relief.

**SEVENTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**

110.    Lilly reincorporates and realleges its Responses to Paragraphs 1-109 of Plaintiff's Complaint as if fully set forth herein.

111.    Paragraph 111 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in Paragraph 111 relating to Plaintiff's alleged injuries or Plaintiff's alleged "use and discontinuation" of Cymbalta® and therefore denies the same.

112.    Lilly lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in Paragraph 107 relating to Plaintiff's alleged injuries and therefore denies the same.

113.    Paragraph 113 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining factual allegations.

114.    Paragraph 114 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks the knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 114 relating to Plaintiff's injuries and therefore denies the same.

115.    Paragraph 115 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks the knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 115 relating to Plaintiff's injuries and therefore denies the same.

116.    Lilly denies the allegations in Paragraph 116, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 116. Lilly denies that Plaintiff is entitled to any such relief.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF GEORGIA'S FAIR BUSINESS PRACTICES ACT,
## Ga. Code Ann., § 10-1-390, et seq

117.   Lilly reincorporates and realleges its Responses to Paragraphs 1-116 of Plaintiff's Complaint as if fully set forth herein.

118.   Paragraph 118 states legal conclusions to which no responses is required. To the extent a response may be deemed necessary, Lilly denies the allegations in Paragraph 118, except that Lilly admits only that Paragraph 118 purports to paraphrase and characterize Georgia's Fair Business Practices Act, which speaks for itself.

119.   Lilly denies the allegations in Paragraph 119.

120.   Lilly denies the allegations in Paragraph 120.

121.   Paragraph 121 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining factual allegations.

122.   Paragraph 122 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks the knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 122 relating to Plaintiff's injuries and therefore denies the same.

123.   Lilly denies the allegations in Paragraph 123, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 123. Lilly denies that Plaintiff is entitled to any such relief.

## PRAYER FOR DAMAGES

Lilly denies the allegations in this section of Plaintiff's Complaint, except that Lilly admits only that Plaintiff seeks the relief set forth in this section. Lilly denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

This section of Plaintiff's Complaint does not assert any allegation requiring a response. To the extent a response is deemed necessary, Lilly admits that Plaintiff requests a trial by jury.

## GENERAL DENIAL AND DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Lilly in this matter. Lilly, therefore, asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Lilly may withdraw any of these defenses as may be appropriate. Further, Lilly reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as

discovery proceeds. Further answering and by way of additional defense, Lilly states the following:

## FIRST DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations or statute of repose and is otherwise untimely.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, laches, waiver or statutory and regulatory compliance.

## FOURTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening or superseding cause or causes.

## FIFTH DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Lilly to warn Plaintiff directly of alleged dangers associated with the use of Cymbalta®, such claims are barred under the learned intermediary doctrine because Lilly has discharged its duty to warn in its warnings to the prescribing physician.

## SIXTH DEFENSE

To the extent that Plaintiff asserts claims based on Lilly's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SEVENTH DEFENSE

Plaintiffs have not sustained an ascertainable loss of property or money.

## EIGHTH DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by application of comparative negligence, fault, responsibility, or causation of others, including, but not limited to, Plaintiff.

## NINTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Lilly or other manufacturer.

## TENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Lilly and over whom Lilly had not control and for whom Lilly may not be held accountable.

## ELEVENTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Cymbalta®.

## TWELFTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## THIRTEENTH DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not rely on any act, omission, or representation made by Lilly.

## FIFTEENTH DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Lilly's state and federal rights.

## SIXTEENTH DEFENSE

No act or omission of Lilly was willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## SEVENTEENTH DEFENSE

Plaintiff has not suffered any actual injury or damages.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Lilly provided legally adequate "directions or warnings" as to the use of Cymbalta® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement of (Second) of Torts.

## TWENTIETH DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## TWENTY-SECOND DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Cymbalta®. Plaintiff's causes of action are barred in whole or in part by their failure to assert a safer design for Cymbalta®.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Lilly's conduct conforms with medical knowledge.

## TWENTY-FIFTH DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

## TWENTY-SIXTH DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Lilly denies, then it was unavoidably unsafe as defined in the Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-SEVENTH DEFENSE

Lilly's advertisement and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute

protected commercial speech under the applicable provisions of the United States and Georgia Constitutions.

## TWENTY-EIGHTH DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## TWENTY-NINTH DEFENSE

Lilly made no warranties of any kind, express or implied, including any alleged implied warranty of merchantability or any representations of any nature whatsoever to the Plaintiffs.

## THIRTIETH DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Lilly in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and

distributed in accordance with and pursuant to all applicable regulations of the FDA.

## THIRTY-FIRST DEFENSE

With respect to each and every purported cause of action, the acts of Lilly were at all times done in good faith and without malice.

## THIRTY-SECOND DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Lilly knew or should have known and which gave rise to a duty to warn, Lilly at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

## THIRTY-THIRD DEFENSE

Plaintiff's claims against Lilly are barred because Plaintiff's treating physicians fully informed Plaintiff of the risks associated with the use of Cymbalta®. Any informed consent and/or release given by Plaintiff is pleaded as an affirmative defense.

## THIRTY-FOURTH DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiff's Legal Committee</u>, 531 U.S. 341 (2000).

## THIRTY-FIFTH DEFENSE

Plaintiff's claims for pre-judgment and post-judgment interest are limited.

## THIRTY-SIXTH DEFENSE

Any recovery by Plaintiff for medical or healthcare expenses should be limited to the amount actually paid or incurred. Specifically, Plaintiff is not entitled to an award of damages for medical bills for which no obligation to pay exists and/or ever existed.

## THIRTY-SEVENTH DEFENSE

Plaintiff's damages claims are barred by the economic loss doctrine.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting the alleged fraud or misrepresentation with particularity.

## THIRTY-NINTH DEFENSE

Lilly fully states that Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

## FORTIETH DEFENSE

Plaintiff's claims may be barred by failure to join indispensable parties.

## FORTY-FIRST DEFENSE

Any claims relating to alleged communications with regulatory agencies of the U.S. government are barred in whole or in part by operation of Lilly's First Amendment right to petition the government (the *Noerr-Pennington* Doctrine).

## FORTY-SECOND DEFENSE

To the extent Plaintiffs assert demand for punitive damages, Lilly specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v.*

*Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny

as well as other similar cases under both federal and state law.

## FORTY-THIRD DEFENSE

Any claim for exemplary or punitive damages is limited by O.C.G.A. § 51-12-5.1.

## FORTY-FOURTH DEFENSE

To the extent that Plaintiffs assert a claim for punitive damages, that claim is

in contravention of the rights of Lilly under the following constitutional provisions:

a. Plaintiff's claim for punitive damages violates, and is therefore barred
by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the
Constitution of the United States of America, and the analogous
provisions of the Georgia Constitution, on grounds including the
following:

i. the procedures pursuant to which punitive damages are awarded
fail to provide specific standards for the amount of the award of
punitive damages which thereby violates the Due Process
Clause of the Fourteenth Amendment of the United States
Constitution, and the analogous provisions of the Georgia
Constitution;

ii. the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Georgia Constitution;

iii. the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Georgia Constitution;

iv. the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution, and the analogous provisions of the Georgia Constitution;

v. the award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law; and

vi. the procedures pursuant to which punitive damages are awarded

permit the imposition of an excessive fine and penalty.

## **FORTY-SIXTH DEFENSE**

Lilly denies responsibility for any injury or damage claimed in the Complaint, but, if any liability on the part of Lilly is found, Lilly will claim the benefit of O.C.G.A. § 51-11-7 and O.C.G.A. § 51-12-3.

## **FORTY-SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Cymbalta® was designed, manufactured, distributed, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge. Lilly invokes all state of the art defenses applicable to Plaintiff's claims, including the state of the art applicable to the industry in question, medicine, medical science, and all others, alleging that it discharged, according to law and due care, each and every duty which Plaintiffs may have been owed.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Lilly to determine all of its legal, contractual, and equitable rights, Lilly reserves the right to amend and/or supplement the

averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Lilly will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Lilly respectfully demands judgment dismissing the Complaint with prejudice and awarding Lilly its reasonable costs and disbursements, including reasonable attorneys' fees, together with such and other and further relief that the court may deem just and proper.

## **JURY DEMAND**

Lilly demands a trial by jury as to all issues triable.


Respectfully submitted this 16th day of January, 2015

*/s/ Stephen M. Brooks*

Stephen M. Brooks
Georgia Bar No. 085151
Lucas A. Westby
Georgia Bar No. 594008
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Tel: (404) 322-6000
Fax: (404) 322-1600
stephen.brooks@nelsonmullins.com
lucas.westby@nelsonmullins.com

*Counsel for Eli Lilly and Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Sandra Couch, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| Eli Lilly and Company and Does 1-50 | ) | NO. 1:14-CV-2564-MHC |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that service of the ***Answer to Plaintiff's***

***Complaint and Demand for Jury Trial*** was made by means of the Notice of

Electronic Filing and U.S. Mail, this 16th day of January 16, 2015, to the following

counsel of record:

Michael L. Baum
R. Brent Wisner
BAUM, HEDLUND, ARISTEL & GOLDMAN, P.C.
12100 Wilshire Boulevard
Suite 950
Los Angeles, CA 90025

S. Samuel Griffin
LAW OFFICES OF S. SAMUEL GRIFFIN
P.O. Box 77373
Atlanta, GA 30357

Harris L. Pogust
T. Matthew Leckman
POGUST BRASLOW &
MILLROOD, LLC
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428

*Counsel for Plaintiff*

/s/ Stephen M. Brooks
Stephen M. Brooks
Georgia Bar No. 085151
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-1600
Email:   stephen.brooks@nelsonmullins.com

*Counsel for Eli Lilly and Company*