IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Sandra Couch, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 1:14-CV-2564-MHC |
| Eli Lilly and Company, and Does 1-50 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

**(a)   Describe briefly the nature of this action.**

This is a product liability action asserting claims for personal injuries arising from Plaintiff Sandra Couch's use of Cymbalta®, a prescription medication that was FDA-approved for the treatment of Major Depressive Disorder, Generalized Anxiety Disorder, Diabetic Peripheral Neuropathic Pain, Fibromylagia, and Chronic Musculoskeletal Pain. Plaintiff claims that she experienced adverse symptoms upon discontinuation of Cymbalta®. Plaintiff asserts claims for negligence, design defect, failure to warn, strict liability, negligent misrepresentation, fraud, breach of implied warranty, and violation of Georgia's Fair Business Practices Act. Defendant Eli Lilly and Company ("Lilly") denies Plaintiff's claims and denies that any of Plaintiff's alleged injuries were caused by Cymbalta®.

This case is one of over forty product liability lawsuits concerning Cymbalta® that have been filed to date. Counsel for the parties to this case have been engaged in discovery in other cases. The parties to this action agree that any

fact discovery should, to the fullest extent possible, be coordinated with discovery in these other cases.

    **(b)**   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Defendant Eli Lilly and Company ("Lilly") manufactures and sells Cymbalta®, a prescription antidepressant medicine approved by FDA to treat a variety of conditions including depression and anxiety.

**Plaintiff's Summary:** This lawsuit centers on a phenomenon called "withdrawal"—the physical and mental effects patients suffer when they stop taking Cymbalta. These symptoms are debilitating and can even lead to suicide. Lilly knew the drug posed a serious withdrawal risk. Lilly's clinical data revealed that about _45% of patients_ who stopped Cymbalta in placebo-controlled trials reported withdrawal symptoms. Of these, 50.6% were moderate, 9.6% were severe, and 53.7% remained unresolved after two-weeks. For patients who stopped Cymbalta after an open-label trial—the situation that most closely approximates a typical patient's experience of taking a drug—_over 50% of patients_ reported withdrawal symptoms. Of these, 46.3% were moderate, 17.2% were severe, and 55.2% had not resolved after two weeks. That means, on average, 8.6% (50% of 17.2%) of patients that knowingly stop Cymbalta experience _severe_ withdrawal reactions. Despite having knowledge of Cymbalta's withdrawal risks, Lilly did not _adequately_ warn about this risk in its labeling. The Cymbalta label states that withdrawal "symptoms occurred at a rate greater than or equal to 1%" suggesting withdrawal is rare. The label also does not warn about the anticipated severity or duration of withdrawal. Furthermore, the Cymbalta label instructs patients to swallow each capsule whole. Since the lowest dose for Cymbalta is 20mg, it is impossible to safely taper off Cymbalta beyond 20mg. This design of the drug is defective. Plaintiff, upon discontinuing Cymbalta, experienced severe withdrawal reactions that she would not have experienced had Lilly warned of the frequency, severity, and duration of withdrawal and/or designed a better drug to allow proper and safe tapering.

**Lilly's Summary:** Since 2004, the FDA-approved package insert for Cymbalta® has included a detailed, three-paragraph warning on the potential risk of symptoms upon discontinuation of Cymbalta® treatment. Lilly maintains that the Cymbalta® discontinuation warning is adequate as a matter of law, _see McDowell_

*v. Eli Lilly and Co.*, -- F. Supp. 3d --, No. 13-3786, 2014 WL 5801604, at *10-*15 (S.D.N.Y. Nov. 7, 2014) (ruling that Cymbalta® discontinuation warning is adequate as a matter of law), and that Plaintiff cannot establish that any alleged inadequacy in the warning was the cause of Plaintiff's alleged injuries.

**(c)   The legal issues to be tried are as follows:**

**For Plaintiff:**  At this early stage in the litigation, it is difficult to enumerate every legal issue to be tried.  Nonetheless, Plaintiff expects several of those legal issues to include:

1. Adequacy.  An issue, to be determined by a jury, is whether the Cymbalta warning label is adequate with regard to Cymbalta withdrawal risks.  "Under Georgia law, a manufacturer has a duty to warn of nonobvious foreseeable dangers from the normal use of its product."  *Thornton v. E.I. Du Pont De Nemours & Co.*, 22 F.3d 284, 289 (11th Cir. 1994) (citations omitted).  "This duty may be breached by (1) failing to adequately communicate the warning to the ultimate user or (2) failing to provide an adequate warning of the product's potential risks."  *Id.* (citations omitted).  "Both of these issues are uniformly held to be questions for the jury." *Id.*  And, "[f]or a warning to be adequate, it must provide a 'complete disclosure of the existence and extent of the risk involved.'" *Id.* (citation omitted).  In related cases that have proceeded through expert discovery, the Plaintiff has presented experts who dispute the adequacy of the Cymbalta label.[1]

2. Causation.  A disputed issue of fact is whether Lilly's failure to adequately warn about the risks of Cymbalta withdrawal and its failure to design a safe medication caused the Plaintiff's injuries.  Inherent in this factual dispute are several issues:

---

[1] Lilly makes several references to *McDowell,* 2014 WL 5801604, at *15-*18.  In that ruling, which has been under reconsideration since November 25, 2014, the district court did not have before it, nor did it consider, any expert testimony or evidence about the adequacy of the Cymbalta label.  Expert reports were submitted to the court as part of a motion for reconsideration.

3

a. Learned Intermediary Affirmative Defense.  In the context of prescription drugs, "a manufacturer of prescription drugs or products discharges its duty to warn by providing the physician with information about risks associated with those products." *Christopher v. Cutter Labs.*, 53 F.3d 1184, 1192 (11th Cir. 1995) (citation omitted); *McCombs v. Synthes (U.S.A.)*, 277 Ga. 252, 253, 587 S.E.2d 594, 595 (2003) ("[U]nder the learned intermediary doctrine, the manufacturer's warnings to the physician must be adequate or reasonable."). Thus, a drug manufacturer can avoid liability by establishing that the prescriber "had independent knowledge of the risk that the adequate warning should have communicated." *Christopher*, 53 F.3d at 1192. The parties will, therefore, need to determine (1) what information was withheld from the prescriber, i.e., what an "adequate warning should have communicated," and (2) what independent knowledge the physician had about Cymbalta and its risks of withdrawal.

b. Proximate Causation.  Another issue is whether the failure-to-warn / design-defect proximately caused Plaintiff's injuries.  If the Plaintiff would have still ingested Cymbalta knowing the drug's actual withdrawal risks, then there is no proximate causation.  If Plaintiff would not have ingested the medication knowing the true risks, then there is proximate causation.  Similarly, if the prescriber would have never prescribed Cymbalta knowing the true risks, then there is proximate causation because the Plaintiff would never have had the opportunity to ingest the medication.

c. Causation of Plaintiff's Injuries.  There is an issue of whether the injuries sustained by the Plaintiff were caused by withdrawing Cymbalta or by something else.

3. Damages.  There is an issue of damages, i.e., the value of the economic and non-economic injuries sustained by the Plaintiff.

4. Punitive Damages.  There is an issue of whether Plaintiff is entitled to seek punitive damages.  "Punitive damages may be awarded only

4

in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1(b).

**For Lilly:** At this early stage in the litigation, Lilly is not in a position to provide a comprehensive listing of the legal issues to be tried in this case. Nonetheless, Lilly expects the core legal issues in the case to include the following:

1. Adequacy. A threshold legal question is whether Lilly adequately disclosed the risk of discontinuation symptoms upon cessation of Cymbalta therapy to the Plaintiff's prescribing physician. *See, e.g., Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 816 (11th Cir. 2010) ("If the warning was adequate, the inquiry ends, and the plaintiff cannot recover."). As noted above, one other federal court has already determined that Lilly's warning on the risk of discontinuation events was adequate as a matter of law.

2. Proximate Cause. Plaintiff must also establish that any alleged inadequacy in the Cymbalta discontinuation warning was proximately related to her alleged injury. *See id.* In two separate, related cases, two federal courts have ruled on summary judgment that plaintiffs could not make this showing because of (1) the prescribing physician's independent knowledge of the risk of antidepressant discontinuation and (2) the prescriber's testimony that a different warning would not have changed the prescriber's treatment decisionmaking. *See McDowell,* 2014 WL 5801604, at *15-*18; *Carnes v. Eli Lilly and Co.*, No. 13-591-CMC, 2013 WL 6622915 at *4-*7 (D.S.C. Dec. 16, 2013).

3. Medical Causation. Plaintiff must also establish that discontinuation of Cymbalta "can cause the type of injury" she suffered. *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, 711 F. Supp. 2d 1348, 1365 (M.D. Ga. 2010) (citing *Guinn v. AstraZeneca Phams. LP*, 602 F.3d 1245, 1249 n. 1 (11th Cir. 2010)).

**(d)   The cases listed below (include both style and action number) are:**

**(1)   Pending Related Cases:**

This case is one of over forty lawsuits filed throughout the United States alleging personal injuries caused by the discontinuation of the prescription medication Cymbalta®. A list of related cases is attached as Exhibit A.

**(2)   Previously Adjudicated Related Cases:**

*McDowell v. Eli Lilly and Co.*, Civil Action No. 13-3786, United States District Court for the Southern District of New York.  Summary judgment granted in favor of Lilly.

*Carnes v. Eli Lilly and Co.*, Civil Action No. 13-591, United States District Court for the District of South Carolina.  Summary judgment granted in favor of Lilly.

**2.   This case is complex because it possesses one (1) or more of the features listed below (please check):**

    \_\_\_\_\_ (1)   Unusually large number of parties.
    \_\_X\_\_ (2)   Unusually large number of claims or defenses.
    \_\_X\_\_ (3)   Factual issues that are exceptionally complex.
    \_\_X\_\_ (4)   Greater than normal volume of evidence.
    \_\_X\_\_ (5)   Extended discovery period is needed.
    \_\_\_\_\_ (6)   Problems locating or preserving evidence.
    \_\_\_\_\_ (7)   Pending parallel investigations or action by government.
    \_\_X\_ (8)   Multiple uses of experts.
    \_\_\_\_\_ (9)   Need for discovery outside of the United States boundaries.
    \_\_X\_ (10)   Existence of highly technical issues and proof.

**3.   Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    <u>For Plaintiff</u>:

    R. Brent Wisner
    BAUM, HEDLUND, ARISTEL & GOLDMAN, P.C.
    12100 Wilshire Boulevard, Suite 950
    Los Angeles, CA 90025

    S. Samuel Griffin
    LAW OFFICES OF S. SAMUEL GRIFFIN
    P.O. Box 77373
    Atlanta, GA 30357

    <u>For Eli Lilly and Company</u>:

    Stephen M. Brooks
    Lucas A. Westby
    NELSON MULLINS RILEY &
    SCARBOROUGH LLP
    201 17th Street NW, Suite 1700
    Atlanta, GA 30363

**4.   Jurisdiction:**

    **Is there any question regarding this Court's jurisdiction?**

    ___ Yes        <u>X</u>  No

5.    **Parties to This Action:**

    (a)  **The following persons are necessary parties who have not been joined:**

At this time, the parties are not aware of any other necessary parties.  They reserve the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

    (b)  **The following persons are improperly joined as parties:**

        None.

    (c)  **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

        None.

    (d)  **The parties have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.    **Amendments to the Pleadings:**

    **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.**

    (a) **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

The parties do not anticipate any amendments to the pleadings at this time.

    (b) **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

8

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)    *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions*:  within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1

(c)    *Other Limited Motions*:  Refer to Local rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*:  *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include reference to electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

Pursuant to agreement, Lilly made its initial disclosures on January 22, 2015. Plaintiff  made her initial disclosures on February 9, 2015.

**9.   Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference with the Court at this time.

**10.  Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Discovery will be conducted on the allegations in the Complaint and the defenses in Lilly's Answer, including discovery on the Plaintiff's claimed injuries, medical conditions, and alleged damages, Defendant's liability, and general and case-specific causation.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties are in agreement that the deadlines in a scheduling order should reflect the complex nature of this pharmaceutical products liability case. As noted above, this case is one of over forty lawsuits filed throughout the United States

alleging personal injuries caused by the discontinuation of Cymbalta®. Because of the volume of similar litigation and the complex nature of the case, the parties agree that fact discovery should be completed by February 4, 2016, that expert discovery be completed by June 3, 2016 (with plaintiff's expert reports to be served on or before March 4, 2016; defendant's expert reports to be served on or before April 1, 2016; and rebuttal reports, if any, to be served on or before April 29, 2016), and that the trial of this case should not occur before October 2016 pursuant to the parties' agreement to endeavor to coordinate discovery for all pending cases

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

    (a) **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

    (b) **Is any party seeking discovery of electronically stored information?**

        ____X____ Yes _____ No

**If "yes,"**

    (1) **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

    The parties are currently discussing the discovery of electronically stored information.  At this time, there do not appear to be any special issues related to the disclosure or discovery of electronically stored information, and counsel for the parties have been able to come to agreement on limitations to the scope of production in related litigation. The parties reserve the right to identify issues that may arise related to disclosures or discovery of electronically stored information.

    (2) **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF),**

11

**or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

N/A

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.  Other Orders**:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The Parties agree that an appropriate protective order should be entered by the Court.  The Parties will meet and confer regarding an order and provide a proposed order for the Court.

**13.  Settlement Potential:**

(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on February 2, 2015, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): */s/ R. Brent Wisner* _____
Other participants:

For defendant: Lead counsel (signature): */s/ Stephen M. Brooks* _____
Other participants:

(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(___X___) A possibility of settlement after discovery.

12

(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c)   Counsel(_____) do or (\_\_X\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.

(d)   The following specific problems have created a hindrance to settlement of this case.

No hindrances have been identified. The case is still in the early stages of litigation.

## 14.   Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_\_.

(b)   The parties (\_\_\_X\_\_\_) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 17th day of February, 2015.


*/s/ R. Brent Wisner*              */s/ Stephen M. Brooks*

R. Brent Wisner                    Stephen M. Brooks
Admitted *Pro Hac Vice*            Georgia Bar No. 085151
BAUM, HEDLUND, ARISTEL &           stephen.brooks@nelsonmullins.com
GOLDMAN, P.C.                      Lucas A. Westby
12100 Wilshire Boulevard           Georgia Bar No. 594008
Suite 950                          lucas.westby@nelsonmullins.com
Los Angeles, CA 90025              NELSON MULLINS RILEY &
                                   SCARBOROUGH LLP
S. Samuel Griffin                  201 17th Street, NW
LAW OFFICES OF S. SAMUEL           Suite 1700
GRIFFIN                            Atlanta, GA  30363
P.O. Box 77373                     (404) 322-6000
Atlanta, GA 30357                  (404) 322-6050 (fax)

*Counsel for Plaintiff*            *Counsel for Eli Lilly and Company*

* * * * * * * * * * * *
**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and
Discovery Plan form completed and filed by the parties, the Court orders that the
time limits for adding parties, amending the pleadings, filing motions, completing
discovery, and discussing settlement are as set out in the Federal Rules of Civil
Procedure and the Local Rules of this Court, except as modified above.


IT IS SO ORDERED, this _____ day of _____,
20____.


                                   _____
                                   MARK H. COHEN
                                   United States District Judge

14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Sandra Couch,                                   ) | |
| )                                               | |
| Plaintiff,  ) | |
| ) | CIVIL ACTION FILE |
| v.                                              ) | |
| ) | NO. 1:14-CV-2564-MHC |
| Eli Lilly and Company and Does 1-50   ) | |
| ) | |
| Defendants.  ) | |
| ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that service of the ***Joint Preliminary Report and***

***Discovery Plan*** was made by means of the Notice of Electronic Filing and U.S.

Mail, this 17th day of February, 2015, to the following counsel of record:

    Michael L. Baum
    R. Brent Wisner
    BAUM, HEDLUND, ARISTEL & GOLDMAN, P.C.
    12100 Wilshire Boulevard, Suite 950
    Los Angeles, CA 90025

    S. Samuel Griffin
    LAW OFFICES OF S. SAMUEL GRIFFIN
    P.O. Box 77373
    Atlanta, GA 30357

15

Harris L. Pogust
T. Matthew Leckman
POGUST BRASLOW & MILLROOD, LLC
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428

/s/ *Stephen M. Brooks*
Stephen M. Brooks
Georgia Bar No. 085151
Lucas A. Westby
Georgia Bar No. 594008
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Tel: (404) 322-6000
Fax: (404) 322-1600
stephen.brooks@nelsonmullins.com
lucas.westby@nelsonmullins.com

*Counsel for Eli Lilly and Company*